# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

PATSY McFADDEN, Individually, and )
on Behalf of the Estate of Vicki Larue )
Sanders, Deceased, )
                                            )
             Plaintiff, )
vs. )   NO. CIV-09-0839-HE
                                            )
THE CITY OF YUKON, ET AL., )
                                            )
             Defendants. )

## ORDER

Vicki Larue Sanders was killed in a confrontation with law enforcement officers in December, 2007, in Yukon, Oklahoma. Her mother, plaintiff Patsy McFadden, filed this case on her own behalf and on behalf of Sanders's estate and next of kin. She asserts claims pursuant to 28 U.S.C. § 1983 for the violation of Sanders's Fourth Amendment rights as well as state law negligence claims. Defendants the City of Yukon ("City" or "Yukon") and Yukon Chief of Police Gary Wieczorek have moved to dismiss plaintiff's § 1983 claims pursuant to Fed. R. Civ. Pro. 12(b)(6), on the basis her complaint fails to state a claim.[1]

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). To satisfy this standard, the plaintiff must include "enough facts to state a claim to relief that is *plausible* on its face." Bell. Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

---

[1]*Defendants' motion does not address the state law claims other than asking that the court decline to exercise supplemental jurisdiction over them.*

defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009). While the court in considering a motion to dismiss under Rule 12(b)(6) must accept all well-pleaded facts as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949.

Applying these standards to plaintiff's complaint, the court concludes defendants' motion should be granted.

## FACTUAL BACKGROUND

Distilled to its factual allegations, plaintiff's complaint alleges the following.[2] On December 17, 2007, two bail bondsmen attempted to contact Sanders at her apartment in Yukon, Oklahoma, after she failed to appear in court. Sanders allegedly shot at the bondsmen as they attempted to enter her residence. As a result, the bondsmen contacted the Yukon Police Department ("Yukon P.D.").

Upon arriving at the scene, Yukon police officers attempted to make contact with Sanders through various means, including tossing a cell phone into her apartment. After these initial attempts failed, the Yukon P.D. evacuated the area and called in the Oklahoma Highway Patrol ("OHP") Tactical Team for assistance.

---

[2] *"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1940.*

The complaint further alleges that, upon arrival, the OHP Tactical Team also attempted, without success, to establish communications with Sanders. The complaint states that McFadden was on the scene and informed "Defendants" that Sanders had been diagnosed with bi-polar disorder and paranoid schizophrenia and that she had been off her medication for some time. Plaintiff requested that the defendants call out the "Crisis team" due to Ms. Sanders's familiarity with its members. The complaint alleges that the Crisis team was not called.

According to the complaint, after OHP's attempts at communications failed, they employed a bomb squad robot equipped with a camera, which they maneuvered close to Sanders's apartment. This allegedly agitated Sanders further and she opened fire on the robot. The OHP then inserted a flash-bang grenade and a gas canister into the apartment to force Sanders out. As she exited the apartment, Sanders was shot fourteen times by the OHP troopers. Soon after, Sanders died of the injuries.

## DISCUSSION

Plaintiff seeks relief under 42 U.S.C. § 1983 for violations of Sanders' Fourth and Fourteenth Amendment rights. As pertinent to the present motion, she asserts claims against the City of Yukon and its Police Chief, Gary Wieczorek. Wieczorek is sued in both his official and individual capacities.[3]

The sufficiency of the allegations as to Chief Wieczorek are considered first. Section

---

[3]*In the circumstances existing here, an "official capacity" claim against Chief Wieczorek is just another way of asserting a claim against the City.*

1983 claims against public officials in their individual capacities "must demonstrate some form of personal involvement on the part of the individual defendants." Bruner v. Baker, 506 F.3d 1021, 1026 (10th Cir. 2007) (citation omitted). A plaintiff must demonstrate that the public official "caused" the constitutional deprivation by showing that the defendant "set in motion a series of events that the defendant[] knew or reasonably should have known would cause others to deprive the plaintiff of his constitutional rights." *Id.* (citation and internal quotation marks omitted). For a supervisor who did not directly participate in the constitutional deprivation to be liable, a plaintiff must show more than mere supervisor status. The supervisor must have "expressly authorized, supervised, or participated, in conduct which caused the constitutional deprivation." *Id.* Here, the allegations as to Chief Wieczorek are wholly insufficient and essentially seek to impose liability based purely on his status as a supervisor. Apart from conclusory allegations that he knew or should have known what was going on, there are no allegations that he was at the scene of the incident or that he played any other role showing a basis for his liability. Defendants' motion will be granted as to the claims against Chief Wieczorek.

Plaintiff's claims against the City of Yukon are also problematic. A municipality can be found liable under § 1983 for constitutional violations caused by the municipality itself, but is not automatically or vicariously liable for the constitutional violations committed by its employees. Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 692 (1978). A plaintiff seeking to hold a municipality liable under § 1983 must identify a municipal "policy" or "custom" that caused his alleged injuries. *Id.* "Locating a 'policy' ensures that

a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Bd. of County Comm'rs v. Brown, 520 U.S. 383, 403-04 (1997). A municipality may also be subjected to liability for acts performed pursuant to a "custom" which, while not having been formally approved by an appropriate decisionmaker, "is so widespread as to have the force of law." Id. at 404.

Here, plaintiff's complaint provides relatively little in the way of specific facts that might make out a plausible basis for municipal liability and relies largely on conclusory allegations. Those conclusory allegations are somewhat inconsistent,[4] leaving the court and parties with no real guidance as to the basis plaintiff relies on to hold the City liable. Moreover, given the allegations that the fatal shots were fired by OHP personnel, the basis for claim against the City of Yukon is even more uncertain. Conclusory allegations of control over the OHP, coupled with conclusory allegations of deficiencies in training or of failures to follow training, are insufficient to state a claim in these circumstances.

Based on the foregoing, the motion to dismiss of defendants Wieczorek and the City of Yukon [Doc. #6] is **GRANTED** and plaintiff's claims against those defendants are **DISMISSED**. As the deficiencies noted here are potentially remediable by amendment, plaintiff is granted leave to file an amended complaint on or before **January 25, 2010**.

---

[4]*At times, plaintiff alleges the City failed to train its officers appropriately. At other points, the complaint alleges the officers failed to follow their training. As to both allegations, the specific nature of the alleged deficiencies is not identified.*

5

Plaintiff's state law claims against these defendants remain pending.[5]

**IT IS SO ORDERED**.

Dated this 7th day of January, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[5]*These defendants have requested that the court decline to exercise supplemental jurisdiction over the remaining state claims. As the pleading deficiencies noted above as to the §1983 claims may be corrected by amendment, and as related claims against other defendants remain pending in any event, the court rejects the suggestion as at least premature.*